[Crim. No. 23521. Second Dist., Div. One. Dec. 21, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
TERRY GENE DALE, Defendant and Appellant.

**COUNSEL**

David E. Kenner, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, and Russell Iungerich, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—This appeal from judgments imposing state prison sentences after revocation of probation involves the issue of extension of the doctrines of *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], and *In re Mosley,* 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473], to probation revocation hearings. We conclude that the rule of those cases does not apply in proceedings to revoke probation and therefore affirm the judgments.

Appellant had been convicted in two separate prosecutions of second degree burglary (Pen. Code, § 459). After a period of confinement in the California Rehabilitation Center for narcotics addiction, he was rejected for further treatment. Proceedings were continued suspended in both cases

and appellant was placed upon probation for a term of five years on a number of conditions, including cooperation with the probation officer in a program for "narcotic prevention." Appellant deserted probation. He failed to appear for a hearing, and his probation was revoked in one case on October 12, 1972, and on January 29, 1973, in the other. Bench warrants were issued calling for his arrest.

Appellant was arrested. On January 31, 1973, the public defender was appointed to represent appellant and proceedings were continued to February 14. Because of a conflict of interest, private counsel was substituted for the public defender. A hearing on revocation of probation and sentence was held on February 16. Defense counsel stipulated that the matter might be heard and determined upon a supplemental probation report ordered by and furnished to the trial court. Acknowledging that the report was "negative," counsel argued against a state prison sentence based upon the remoteness of the crimes and appellant's efforts at rehabilitation. Appellant personally sought to convince the trial court that he should be recommitted to the California Rehabilitation Center. The trial court did not inform appellant of the procedural safeguards afforded by *People* v. *Vickers,* 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313], and *Morrissey* v. *Brewer,* 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593]. Appellant did not personally waive the rights granted by *Vickers* and *Morrissey.* Having read and considered the supplemental report, the trial court sentenced appellant to state prison for the time prescribed by law with credit for the period he was previously incarcerated.

On this appeal, appellant contends that the trial court erred: (1) in revoking probation without a hearing; and (2) not informing him of his "due process rights" and obtaining a personal waiver of them. We find no error in the record.

In *Morrissey* v. *Brewer, supra,* 408 U.S. 471, the Supreme Court declared that due process of law requires that before parole may be revoked the parolee must, if he is arrested, be afforded an initial hearing at which a preliminary determination of the existence of reasonable grounds to revoke his parole is determined. The initial hearing must be followed by a revocation hearing unless the procedure is waived. At the revocation hearing, due process requires: "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board . . .

and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." (408 U.S. at p. 489 [33 L.Ed.2d at p. 499].) In *People* v. *Vickers, supra,* 8 Cal.3d 451, our Supreme Court held that the *Morrissey* declaration of due process requirements for revocation of parole is equally applicable to proceedings to revoke probation. It added the qualification, however, that no initial hearing need precede revocation of probation of one who has deserted his probation, and that therefore summary proceedings to revoke probation of an absconding probationer are proper. (8 Cal.3d at p. 461.)

■ Here appellant had deserted his probation so that the trial court was empowered summarily to revoke his probation without an initial hearing to determine probable cause to do so. ■ Here also appellant concedes that he was afforded an opportunity for a hearing on the merits of the revocation of his probation in the manner required, and that his counsel, by submitting the matter upon the supplemental probation report, waived the *Morrissey-Vickers* rights not asserted at the hearing. However, analogizing to the situation of a plea of guilty to a charged crime and to submission of the issue of guilt upon the transcript of a preliminary hearing where guilt is a foregone conclusion, appellant argues that he was denied due process of law because the trial judge did not specifically inform him of and he did not personally waive his right to present evidence and to confront witnesses against him. He cites in support of his contention *In re Tahl, supra,* 1 Cal.3d 122; *In re Mosley, supra,* 1 Cal.3d 913, and *People* v. *Levey,* 8 Cal.3d 648 [105 Cal.Rptr. 516, 504 P.2d 452].

In *Tahl, Mosley,* and *Levey,* our Supreme Court declared that due process of law requires that a plea of guilty to a crime or a submission on the transcript of a preliminary hearing which is its equivalent be preceded by a recitation that the plea involves a waiver of the privilege against self-incrimination, the right of confrontation, and the right to jury trial, and by the defendant's personal waiver of the privilege and rights. Nothing in the language of those cases or their rationale indicates that their rule should be extended to require a similar procedure of recitation of procedural rights and personal waiver in revocations of probation. Our Supreme Court reasoned that its decision in *Tahl* was compelled by that of the United States Supreme Court in *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]. (1 Cal.3d at p. 130.) There is no indication in *Morrissey* that the *Boykin* recitals and waivers are required in post-conviction proceedings as opposed to a trial. The trial involves "the fundamental constitutional right of a person accused of crime to plead not guilty to the charge and have a trial by a jury of his peers wherein he can defend himself by confronting and cross-examining witnesses against him and by

presenting witnesses in his own behalf." (*In re Mosley,* 1 Cal.3d 913, 924 [83 Cal.Rptr. 809, 464 P.2d 473].) It is the waiver of the full scope of those rights that must be made by a defendant personally, whereas he may waive part of them by acquiescing by silence in his counsel's conduct. (*In re Mosley, supra,* 1 Cal.3d at p. 924.) A probation revocation hearing involves some, but by no means all, of the fundamental rights afforded a defendant at trial. Its purpose is not to determine guilt or innocence but is whether conditions attached to an act of clemency have been met. There is no right to a jury trial. Confrontation in the proceeding is not an absolute right. The United States Supreme Court states that it exists in a revocation hearing "unless the hearing officer specifically finds good cause for not allowing confrontation." (*Morrissey* v. *Brewer, supra,* 408 U.S. at p. 489 [33 L.Ed.2d at p. 499].) Hearsay in the probation report may be considered.

We thus conclude that the principles of *Boykin, Tahl,* and *Mosley* do not apply to proceedings to revoke probation where the matter is submitted on the report of the probation officer. Where, as here, *Morrissey* rights are waived by conduct of counsel in submitting an alleged violation of probation upon the probation report and the defendant acquiesces by his silence, the waiver is effective.

The judgments are affirmed.

Wood, P. J., and Hanson, J., concurred.

A petition for a rehearing was denied January 16, 1974.