21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan BOJORQUEZ-PRECIADO, Defendant-Appellant.
 No. 93-50522.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Bojorquez-Preciado appeals his 24-month sentence imposed following entry of a guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. Sec. 1326(a). Bojorquez-Preciado contends the district court erroneously calculated his criminal history by relying on an invalid prior state court probation revocation. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Bojorquez-Preciado argues that the California state court violated his due process rights at the probation revocation hearing by failing to advise him of his rights as recognized under Boykin v. Alabama, 395 U.S. 238, 242-44 (1969), and Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973), before accepting his admission to violating probation, thus failing to ensure that the admission was voluntary and intelligent. This argument is foreclosed by our decision in United States v. Segal, 549 F.2d 1293 (9th Cir.), cert. denied, 431 U.S. 919 (1977). In Segal, we held that although a probationer was entitled to the due process protections outlined in Gagnon for probation revocation proceedings, the Boykin requirement that a defendant be informed of his rights on the record before entry of a guilty plea does not apply in the context of an admission to a violation of the terms of probation. Segal, 549 F.2d at 1298-1300; see also Bostic v. Carlson, 884 F.2d 1267, 1272 (9th Cir.1989) (citing Segal for proposition that "Ninth Circuit has refused ... to extend [the Boykin ] procedural protections to proceedings less formal than state and federal criminal trials"); People v. Dale, 36 Cal.App.3d 191, 194 (1973) (California trial judge not required to advise probationer of Boykin rights).
 
 
 4
 Bojorquez-Preciado attempts to distinguish the instant case from Segal by pointing out that the court accepting his admission of probation violation informed him that he would be sentenced to two years if he admitted to the violation, whereas in Segal the probationer was not certain before he admitted his violation whether he would be sentenced to a term of incarceration. We fail to see the relevance of this distinction. The fact that Bojorquez-Preciado knew with certainty what penalty he would receive does not change the nature of the proceedings in any significant fashion.
 
 
 5
 Accordingly, we discern no error in the inclusion of the state probation revocation and its consequences in Bojorquez-Preciado's criminal history calculation.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3