Filed 6/5/13  P. v. Moreno CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056128 |
| v. | (Super.Ct.No. FVI1101534) |
| MITCHELL FELICIANO MORENO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Lynn M. Poncin, Judge.  Affirmed.

Harry Zimmerman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lilia E. Garcia and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Mitchell Feliciano Moreno entered a plea agreement and pled no contest to one count of corporal injury to a spouse.  (Pen. Code, § 273.5,

1

subd. (a).)[1]  A court placed him on probation for a period of three years.  Defendant subsequently admitted that he violated his probation, and the court reinstated him on probation.  Defendant then admitted that he violated his probation a second time.  The court sentenced him to a total term of two years in state prison.

On appeal, defendant argues that the court failed to advise him of his probation revocation due process rights, pursuant to *People v. Vickers* (1972) 8 Cal.3d 451 (*Vickers*), and that he did not knowingly, intelligently, or voluntarily waive those rights before admitting his probation violation.  We disagree.

PROCEDURAL BACKGROUND

On September 27, 2011, defendant entered a plea agreement and pled no contest to one count of corporal injury to a spouse.  (§ 273.5, subd. (a).)  The court placed him on probation for a period of three years, under specified conditions.

On October 26, 2011, the court revoked defendant's probation based on the probation officer's allegation that defendant had violated three of his probation conditions.

At a probation revocation hearing on November 9, 2011, defendant waived his rights to a *Vickers* hearing and admitted that he violated the condition that he, "Cooperate with the Probation Department in a plan of rehabilitation and follow all reasonable

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

2

directives of the Probation Department." The court reinstated him on probation under the original terms with a few modifications.

On February 4, 2012, defendant was arrested for violating a domestic violence restraining order. The arrest resulted in a new criminal case being filed (case No. MVI1200331).

At a probation review hearing on February 15, 2012, defendant was not present, but was represented by counsel. The trial court noted that the district attorney's office had filed a petition to revoke defendant's probation based on the new case that was filed. The court signed the petition, revoked defendant's probation, and set a probation violation hearing for February 22, 2012.

The probation department filed a petition for revocation of probation, alleging that defendant was arrested on February 4, 2012 for violating section 273.6, subdivision (a) (violating a domestic violence restraining order). The petition alleged that defendant violated five of his probation conditions.

At the outset of the probation violation hearing on February 22, 2012, the court noted that there had been a conference in chambers regarding the matter. The court stated that a petition to revoke defendant's probation had been filed and asked defense counsel what he wanted to do. Defense counsel responded, "In accordance with the conversation we had in chambers, your Honor, [defendant] would admit the violation." The court addressed defendant and stated that he had the right to an evidentiary hearing as to whether or not he violated the terms of his probation and, specifically, the term that he "violate no law." The court asked defendant, "Do you waive that evidentiary hearing

3

and admit that violation of probation as to that term?" Defendant responded, "Yes." Defense counsel joined in defendant's waiver and admission, confirmed that defendant was waiving time for sentencing, and added that there was "[n]o legal cause." The court announced that defendant's probation would remain revoked and pronounced the previously withheld judgment. The court sentenced defendant to the low term of two years in state prison for his conviction for corporal injury on a spouse. (§ 273.5, subd. (a).) Right after the court pronounced judgment, it asked whether the People wanted to move to dismiss the new case, case No. MVI1200331. The People stated that it was "mov[ing] to dismiss pursuant to the admission." The court granted the motion and dismissed case No. MVI1200331.

## ANALYSIS

### The Record Indicates That Defendant Waived His Right to a *Vickers* Hearing

Defendant contends that he was denied his due process rights when the trial court revoked his probation without adequately advising him of his *Vickers* rights. He argues that he did not knowingly, intelligently, or voluntarily waive those rights and, therefore, the matter should be remanded for a new probation revocation hearing. We disagree.

Probationers are entitled to due process protections prior to revocation and termination of probation, including notice of the claimed violations and an opportunity to be heard. (*Vickers, supra*, 8 Cal.3d at pp. 457-458; *In re Moss* (1985) 175 Cal.App.3d 913, 929.) A probationer may waive his *Vickers* rights. (*Moss*, at p. 930.) "The voluntariness of a waiver is a question of law which we review de novo. [Citation.] To make this determination, we examine the particular facts and circumstances surrounding

4

the case, including the defendant's background, experience and conduct. [Citation.]" (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1660.) A probationer can waive the formal requirements of notice and a hearing and admit a probation violation through the conduct of his attorney and his own silence. (See *People v. Dale* (1973) 36 Cal.App.3d 191, 194-195.)

The record does not reflect that defendant was denied due process, as notice and an opportunity to be heard can be inferred from the record. On February 4, 2012, defendant was arrested for violating a domestic violence restraining order. (§ 273.6, subd. (a).) At a probation review hearing on February 15, 2012, defendant was not present, but he was represented by counsel. The court informed defense counsel that a petition had been filed, alleging that defendant was in violation of his probation "based on the new case in the arrest and contact with the victim." The court signed the petition to revoke probation, set a hearing regarding the violation of probation for February 22, 2012, and ordered defendant to appear at the hearing. Defense counsel said, "Okay." A petition to revoke probation was filed on February 22, 2012, stating that defendant had violated his probation when he was arrested on February 4, 2012. Although the record does not include a proof of service for this document, petitions to revoke are usually served on a probationer and his defense counsel. (See § 1203.2, subd. (b)(1).)

Furthermore, the record indicates that the parties discussed defendant's probation violation, waiver, and sentence in chambers, prior to the revocation hearing. At the start of the February 22, 2012 hearing, the court declared, "We had a conference in chambers regarding this matter." The court stated that a petition to revoke defendant's probation

5

had been filed, and then asked defense counsel what he wanted to do. Defense counsel responded that, "In accordance with the conversation we had in chambers, your Honor, [defendant] would admit the violation." Defendant did not object. Instead, when the court stated that defendant had the right to have an evidentiary hearing regarding the violation of probation, and asked if he wanted to waive the hearing and admit the violation of that term, defendant said, "Yes." Defense counsel joined in the waiver, waived time for sentencing, and asserted that there was no legal cause why sentence should not be pronounced. The record demonstrates that defendant voluntarily waived his right to a formal probation revocation hearing, and he was prepared to be sentenced immediately. Moreover, we note that right after the court pronounced judgment, the prosecutor "move[d] to dismiss [the new case, case No. MVI1200331] *pursuant to the admission*." (Italics added.) Thus, it appears that the parties had agreed that if defendant would admit the violation, the People would dismiss the new case.

Defendant asserts that his case is similar to *United States v. Correa-Torres* (1st Cir. 2003) 326 F.3d 18 (*Correa-Torres*), in that the trial court never found that he made a knowing, intelligent, and voluntary waiver. However, while the *Correa-Torres* court observed that the lower court did not make a specific finding that the defendant's waiver was knowing and voluntary, it also stated that "an express finding is not ordinarily required in connection with a waiver of rights." (*Id*. at p. 23.) Furthermore, *Correa-Torres* is distinguishable. At the revocation hearing in that case, the defendant relied on a court-appointed interpreter to follow the dialogue at the revocation hearing since he spoke Spanish. (*Id*. at pp. 20-21.) The court failed to inquire of the defendant as to his

6

understanding of his rights or as to his guilt. (*Id*. at p. 21.) Furthermore, the defendant did not speak at all throughout most of the proceeding. (*Ibid*.) The court revoked the term of supervised released based on the mere fact that the defendant, through his counsel, had declined to contest the probation officer's allegations. (*Id*. at p. 21.) The appellate court concluded that, based on the totality of the circumstances, there was no reason to believe that the defendant understood the allegations against him or his rights. (*Id.* at pp. 23-24.)

In contrast, defendant in the instant case had no language barrier, and he understood that he would be in violation of his probation conditions if he violated any law or any restraining order obtained by his spouse. He was arrested for violating a domestic violence restraining order. At the revocation hearing, there was an in-chambers conference at which the parties apparently agreed that defendant would admit the violation. Moreover, unlike the defendant in *Correa-Torres*, defendant personally waived the *Vickers* hearing and admitted the violation.

We additionally note that approximately three months prior to the instant proceedings, defendant appeared in court on a previous probation revocation allegation. Significantly, the record indicates that defendant waived his right to a *Vickers* hearing and admitted that probation violation.

In sum, based on the totality of the circumstances, we conclude that defendant knowingly and voluntarily waived his *Vickers* rights before admitting the probation violation in the instant case.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

McKINSTER
         J.

RICHLI
         J.