Filed 8/16/16  P. v. Ward CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONALD WARD,<br><br>    Defendant and Appellant. | B262842<br><br>(Los Angeles County<br>Super. Ct. No. BA420109) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard S. Kemalyan, Judge.  Affirmed.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Lance E. Winters, Assistant Attorneys General, Shawn McGahey Webb and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Ronald Ward appeals from the judgment entered upon revocation of his probation. He contends he did not validly waive his right to a probation revocation hearing. We disagree and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In February 2014, appellant was charged with transportation, sale, or offer to sell cocaine. (Health & Saf. Code, § 11352.) Five prior prison terms were alleged, three of which were for drug convictions. (Pen. Code, § 667.5, subd. (b); Health & Saf. Code, § 11370.2, subd. (a).) Appellant had mental health issues, and a long history of homelessness and drug problems. Although he had told a mental health evaluator that he was not interested in rehabilitation, appellant asked to be sent to a dual diagnosis program. The court reluctantly agreed to consider that option.

In March 2014, appellant pled no contest and admitted the prior prison term allegations. The court imposed and suspended a six-year prison term and placed appellant on three-year formal probation, on condition that he complete a one-year treatment program. Appellant was warned that leaving the program would result in execution of the six-year sentence. Probation was revoked in May 2014. After appellant stipulated to a probation violation, probation was reinstated on the same terms in September 2014.

In March 2015, appellant appeared in court on a bench warrant pickup. The court explained that, on February 3, 2015, appellant had been ordered to enroll in a dual-diagnosis program for one year and to return to court within 48 hours of leaving or having been terminated from the program.[1] Defense counsel related what appellant had told her: A few hours after checking into the program, appellant had asked permission to get something to eat. While he was out, he suffered a "psychotic episode," during which he "experienced some auditory hallucinations directing him to engage in certain behavior

---

[1] The record does not include a reporter's transcript or minute order from the February 3, 2015 hearing.

2

and because of that, he did not return to the program," and "that's also why he never returned to court." After consulting with appellant, counsel relayed that appellant was "asking the court for another opportunity." The court stated that was the third time appellant had left the program without returning to court, terminated probation, and ordered execution of the previously imposed sentence.

 This appeal followed.

## DISCUSSION

 Appellant contends the trial court erred in revoking his probation without holding a formal probation revocation hearing or receiving a valid waiver of such a hearing.[2]

 Probationers are entitled to due process protections prior to revocation, including a written notice of the claimed probation violation; disclosure of evidence against them; opportunity to be heard in person, present evidence, and cross-examine adverse witnesses; as well as a neutral tribunal and a statement of reasons for revoking probation. (*Morrissey v. Brewer* (1972) 408 U.S. 471, 489; *People v. Vickers* (1972) 8 Cal.3d 451, 457–459.) However, probationers are not entitled to "all the procedural safeguards of a criminal trial," and personal waivers of the procedural rights are not required. (*People v. Abrams* (2007) 158 Cal.App.4th 396, 400; *People v. Dale* (1973) 36 Cal.App.3d 191, 195 (*Dale*).) A probationer's failure to object to the procedures used, and the conduct of his or her attorney, can indicate acquiescence sufficient to effectuate a waiver. (*Ibid.*; see also *People v. Martin* (1992) 3 Cal.App.4th 482, 486 (*Martin*).)

 The court in *Dale* concluded that the probationer had waived his right to a contested probation revocation hearing through the conduct of his counsel "in submitting an alleged violation of probation upon the probation report," and appellant's "acquiesc[ence] by his silence. . . ." (*Dale*, *supra*, 36 Cal.App.3d at p. 195.) In *Martin*, the court concluded that appellant had "waived his right to insist on a revocation hearing

---

[2] The March 9, 2015 minute order indicates appellant was advised and waived his right to a hearing, but the reporter's transcript does not reflect a formal advisement and waiver.

by filing a statement in mitigation which acknowledged that he would be sentenced . . . and failing to object at the sentencing hearing either to the sentencing procedure or to the grounds for revocation." (*Martin*, *supra*, 3 Cal.App.4th at p. 486.)

Appellant seeks to distinguish these cases on the ground that, here, the matter was not submitted on a probation report, nor did appellant file anything acknowledging he would be sentenced. That is a distinction without a difference. For all intents and purposes, defense counsel conceded that appellant had violated probation by leaving the treatment program and not returning to court as ordered. While appellant claims to have objected to the grounds for revocation, the record reveals no such objection. Rather, appellant, much like the probationer in *Dale*, *supra*, 36 Cal.App.3d. at page 193, asked the court to give him another opportunity. Yet, neither appellant nor defense counsel objected to termination of probation, and counsel orally provided the court with information relevant to sentencing. Appellant effected a waiver by acquiescing in his counsel's conduct.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                               EPSTEIN, P. J.

We concur:

WILLHITE, J.

COLLINS, J.