Filed 10/7/22 P. v. Rodriguez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C095019 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F2465) |
| v. | |
| JOHN PAUL RODRIGUEZ, | |
| Defendant and Appellant. | |

Defendant John Paul Rodriguez contends the trial court denied him due process by revoking his probation without holding a formal hearing or obtaining his express waiver of such a hearing. The People contend defendant, through his counsel's actions and his own inaction, waived his right to a hearing. We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

The underlying facts are unnecessary to resolve this appeal. While on felony probation for possessing methamphetamine with intent to sell (Health & Saf. Code,

1

§ 11378), defendant was convicted of indecent exposure. (Pen. Code, § 314.1.) Defense counsel informed the trial court the parties agreed defendant would serve the low term of 16 months on his drug conviction in connection with his violation of probation. He would also be sentenced to time served for the indecent exposure conviction. In exchange, two additional pending petitions for revocation of probation based on other alleged offenses would be dismissed.

The court sustained the petition for revocation, dismissed the remaining petitions, imposed the probation revocation fine of $300, and sentenced defendant according to the agreement. The minute order stated: "The petition having been sustained, defendant waives referral to the probation department for report and recommendation, and requests immediate sentencing."

Defendant did not personally admit the probation violation or expressly waive a revocation hearing.

He timely appealed with a certificate of probable cause.

## DISCUSSION

Defendant contends he was denied due process because the trial court failed to hold a formal hearing on his probation violation or take defendant's express waiver of such a hearing. We disagree.

Penal Code section 1203.2, subdivision (a) provides that, if the interests of justice so require, a trial court may revoke probation if it has reason to believe, among other things, the probationer has reoffended. Although that provision prescribes few procedural guidelines for probation revocation, the due process clause of the Fourteenth Amendment requires that revocation be preceded by a formal hearing. (*Black v. Romano* (1985) 471 U.S. 606, 611.) "A probation revocation hearing involves some, but by no means all, of the fundamental rights afforded a defendant at trial. Its purpose is not to

determine guilt or innocence but is whether conditions attached to an act of clemency have been met." (*People v. Dale* (1973) 36 Cal.App.3d 191, 195.)

As the People point out, a defendant can waive a formal hearing and admit a probation violation through the conduct of the defendant's attorney and the defendant's own silent acquiescence therein. (*People v. Dale, supra*, 36 Cal.App.3d at pp. 194-195; *People v. Martin* (1992) 3 Cal.App.4th 482, 486.) *Dale* concluded there was an effective waiver of a formal probation revocation hearing based on "conduct of counsel in submitting an alleged violation of probation upon the probation report" and defendant's acquiescence by his silence. (*Dale*, at p. 195.) *Martin* concluded the defendant waived the right to a formal probation revocation hearing "by filing a statement in mitigation which acknowledged that he would be sentenced" and by failing "to object at the sentencing hearing either to the sentencing procedure or to the grounds for revocation." (*Martin*, at p. 486.)

Here, defense counsel expressly acknowledged defendant's probation violation, based on his indecent exposure conviction, when counsel presented the trial court with a negotiated resolution in which defendant would serve a stipulated sentence in connection with that violation. The court found defendant waived his right to a hearing, sustained the revocation petition, dismissed the remaining revocation petitions, and imposed defendant's probation revocation fine. Defendant was present at the proceeding and failed to object. Defense counsel's affirmative conduct and defendant's silent acquiescence therein amply support the court's finding of waiver in this instance.

There was no due process violation.

DISPOSITION

The judgment is affirmed.

 

                                  _____

                                  HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

KRAUSE, J.

4