[Crim. No. 28999. Second Dist., Div. Four. Feb. 14, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
RAUL YBARRA GARCIA, Defendant and Appellant.

## Counsel

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, and Martin Stein, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and James H. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**FILES, P. J.**—This is an appeal by a defendant from an order sentencing him to state prison following revocation of probation.

Defendant's conviction was based upon his plea of guilty to selling heroin in violation of Health and Safety Code, section 11352, subdivision (a). On March 16, 1976, proceedings were suspended and he was placed on probation for three years. One of the conditions of probation was that he continue in the residential drug treatment program at Metropolitan State Hospital and not leave unless authorized to do so by the hospital staff and his probation officer.

A probation officer's report filed on April 28, 1976, stated that appellant was in violation of probation in that he left the program at Metropolitan State Hospital without permission on March 26, and that a urinalysis taken March 30 tested positive for propoxyphene and phenobarbital. The report reviewed defendant's history and recommended that probation be revoked and sentence imposed.

Defendant was present at the formal probation revocation hearing held on April 28. He was advised of his rights to have a hearing, to present evidence, to use the subpoena power of the court and to confront and cross-examine witnesses. The public defender was appointed to represent him. After consulting with his client, counsel informed the court that defendant conceded the fact that he was in violation. This exchange followed:

"THE COURT: Mr. Garcia, do you admit that you left the Metropolitan Hospital residential drug program without permission?

"THE DEFENDANT: Yes, I do."

Defendant urged the court to allow him to pursue another drug treatment program instead of sending him to prison. The court then adjourned the hearing to May 12, to give the probation officer an opportunity to review defendant's proposal. On May 12 a further hearing was held, at the conclusion of which the court sentenced defendant to state prison.

He is appealing from the judgment.

Defendant contends that the judgment must be reversed because his revocation hearing did not conform to the due process standards set forth in *Morrissey* v. *Brewer,* 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], as made applicable to revocation of probation hearings in *People* v. *Vickers,* 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313].

As defendant's brief concedes, neither *Morrissey* nor *Vickers* deals with the precise issue presented by this appeal. ■ Defendant's argument is in essence that the rationale of *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], which prescribe procedures for the taking of guilty pleas, should govern the procedure to be followed at probation revocation hearings. Specifically, defendant argues that the

court should have told him at the outset that following revocation of probation he would be subject to imprisonment for a minimum term of five years and a maximum of life.

Neither defendant personally nor his attorney ever suggested to the superior court that defendant was uninformed in any material way. Nor does defendant assert in this court that at the time he admitted the violation he was unaware of the consequences. Defendant's contention here appears to be that we should hold, as a matter of law, that due process requires a formal admonition about "consequences" before any defendant is heard to admit that he has violated the terms of his probation.

*Boykin* and *Tahl* established a prophylactic rule of procedure, requiring certain waivers to be recited in open court, and memorialized in the court record, to establish the voluntariness of a plea of guilty. That rule was created to reduce the likelihood of a guilty plea by a defendant who lacked adequate understanding of the safeguards which the Constitution afforded a person accused of crime.

*In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 516], applied the *Boykin-Tahl* principle to a defendant who is asked to admit or deny allegations that he has suffered prior convictions which, if admitted or proved, will operate to increase his punishment. *Yurko* held that before the court accepts an admission of such a charge, express and specific admonitions and advice are required.

The effect of these cases is that the prosecution may not be relieved of its burden of proving either the offense charged or the allegation of prior conviction until the court has ascertained on the record that the accused has intelligently waived his right to a trial.

At a probation revocation hearing the issue is different from that presented on the original charge, the procedure is different, and the method of proof is different, to such an extent that the forms of procedure prescribed in *Boykin* and *Tahl* have little relevance.

In *People* v. *Dale* (1973) 36 Cal.App.3d 191 [112 Cal.Rptr. 93], the defendant contended that his probation revocation hearing was constitutionally invalid because the trial court did not specifically inform him and he did not personally waive his right to present evidence and to confront witnesses against him. The appellate court rejected the argu-

ment, pointing out that a probation revocation hearing differs from a guilt trial in several constitutionally significant respects.

The essential difference between the two kinds of proceedings is also illustrated by *In re Coughlin* (1976) 16 Cal.3d 52 [127 Cal.Rptr. 337, 545 P.2d 249], which held that probation may be revoked upon evidence that the probationer has committed another crime, despite the fact that he has been acquitted of the new criminal charge.

Another distinction relevant to the issue here is that guilt of the original charge must be established by plea or by a formal trial, while at a probation revocation hearing the violation is ordinarily established by the probation officer's report. (See Pen. Code, § 1203.2.) A plea of guilty relieves the prosecution of the need to prove its case, but at a probation revocation hearing it is usually inconsequential whether the defendant admits his violation or stands mute. The probation report alone, if not rebutted or impeached, is a sufficient showing to support a revocation and sentence. Defendant's admission that he left the hospital was the starting point for his contention that he should be allowed to pursue a course of treatment in some other environment. By admitting what had already been proved, he gave up nothing of substance.

The record of this case establishes that defendant had adequate notice, the opportunity to be heard and the assistance of counsel. The hearing conformed to the classic standards of due process and met every requirement of the existing case law. There is nothing in this record, or in common experience, to indicate that the kind of formal admonitions and waivers required for taking a guilty plea should be required for probation revocation proceedings.

The judgment is affirmed.

Kingsley, J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 14, 1977.