[No. D024394. Fourth Dist., Div. One. Nov. 21, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL D. CLARK, Defendant and Appellant.

**COUNSEL**

Michon M. Hinz, under appointment by the Court of Appeal, for Defendant and Appellant.

Howard C. Cohen as Amicus Curiae on behalf of Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, M. Howard Wayne and Carl H. Horst, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HALLER, J.**—Daniel D. Clark pled guilty to one count of residential burglary (Pen. Code,[1] §§ 459, 460). The imposition of sentence was suspended, and he was placed on probation in December 1994 for a period of three years. His probation was revoked in June 1995 for violating conditions of his probation. The trial court sentenced him to a prison term of four years.

Clark appeals. His sole assignment of error is that his admission to the probation violations was invalid because it was not preceded by proper admonitions by the trial court. The Attorney General argues the appeal must be dismissed because it is based on an invalid certificate of probable cause.

### FACTUAL AND PROCEDURAL BACKGROUND

On the evening of August 13, 1994, the downtown motel room of Connie Barber was burglarized; among other things, clothing and jewelry were taken. The next morning, San Diego Police Officer Larry Adair arrested Clark after he was identified by witnesses.

On November 2, 1994, Clark pled guilty to one count of residential burglary.

On December 5, 1994, the trial court granted probation, subject to various terms and conditions, including 365 days of local custody. Clark was released from custody on February 27, 1995.

In June 1995, Clark's probation was revoked for failing to report to his probation officer and following his arrest for possession of methamphetamine and a hypodermic syringe.

On June 12, 1995, Clark waived his right to an evidentiary hearing and admitted the probation violations. His probation was formally revoked.

On July 3, 1995, the trial court sentenced Clark to the midterm of four years in prison.

On September 19, 1995, the trial court denied Clark's in propria persona application for a certificate of probable cause.

On February 15, 1996, the trial court granted appellate counsel's request for a certificate of probable cause.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

## DISCUSSION

### I. *Appealability*

■ The Attorney General argues the appeal must be dismissed because Clark did not timely comply with section 1237.5[2] and California Rules of Court, rule 31(d)[3] and did not seek review by writ of the trial court's initial denial of a certificate of probable cause in accordance with *In re Brown* (1973) 9 Cal.3d 679, 683 [108 Cal.Rptr. 801, 511 P.2d 1153]. Although the Attorney General is correct with respect to the noncompliance issue, we deem it appropriate to reach the substantive merits under the circumstances of the case.

Here, Clark, in propria persona, filed a notice of appeal in which he checked two boxes: one indicating the appeal was based on the sentence, and one indicating the appeal challenged the validity of the plea. The latter box clearly indicated that Clark was required to file a written request for a certificate of probable cause. Clark filed such a request. Clark's in propria persona notice of appeal and his request for a certificate of probable cause were timely in that they were filed within 60 days of the judgment (rule 31(a) & (d)). The trial court denied the in propria persona request for a certificate of probable cause.[4]

Notwithstanding the trial court's denial of a certificate of probable cause, the clerk of the superior court duly prepared the record on appeal because

[2]Section 1237.5 provides in pertinent part: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

[3]California Rules of Court, rule 31(d) provides in pertinent part: "If a judgment of conviction is entered upon a plea of guilty or nolo contendere, the defendant shall, within 60 days after the judgment is rendered, file as an intended notice of appeal the statement required by section 1237.5 . . . ; but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section. Within 20 days after the defendant files the statement the trial court shall execute and file either a certificate of probable cause or an order denying a certificate and shall forthwith notify the parties of the granting or denial of the certificate. [¶] If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds (1) occurring after entry of the plea which do not challenge its validity or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 . . . , the provisions of section 1237.5 . . . requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds."

All rule references are to the California Rules of Court.

[4]Although neither party has raised the point, we note the trial court's denial of the request for a certificate of probable cause was not filed within 20 days of the request, as required by rule 31(d).

Clark's notice of appeal also indicated he was appealing from the sentence, which is a " 'noncertificate' " issue. (See *People* v. *Jones* (1995) 10 Cal.4th 1102, 1105 [43 Cal.Rptr.2d 464, 898 P.2d 910].) Thereafter, appellate counsel recognized an issue concerning the plea that was not totally frivolous (§ 1237.5; *People* v. *Ribero* (1971) 4 Cal.3d 55 [92 Cal.Rptr. 692, 480 P.2d 308]) and made a new request for a certificate of probable cause. The trial court granted the second request for a certificate of probable cause.

The Attorney General faults Clark or appellate counsel or both for not filing a petition for writ of mandate of the trial court's initial denial of the request for a certificate of probable cause. (See *In re Brown, supra*, 9 Cal.3d at p. 683 [where a certificate of probable cause has been denied, the appeal is not operative and the denial of the certificate must be reviewed by writ of mandate].) There are two problems with the Attorney General's reliance on *Brown* under these circumstances. First, no one on the defense side is contending the trial court's denial of Clark's in propria persona request for a certificate of probable cause was error. Therefore, there was no need or justification for seeking a writ of mandate with respect to the trial court's denial. Second, the Supreme Court in *In re Brown, supra*, 9 Cal.3d at page 683, footnote 6, recognized that an appeal may properly lie notwithstanding noncompliance with section 1237.5: "We do not question the propriety of appellate review in other, unusual circumstances, as where without compliance with section 1237.5 the clerk prepares and the trial court certifies a record on appeal in circumstances where to have denied a certificate had an application therefor been made would have constituted an abuse of discretion. [Citation.]"

While the Attorney General is correct that failure to secure a certificate of probable cause is generally fatal to the appealability of an appeal based on the validity of the plea (see *People* v. *Castelan* (1995) 32 Cal.App.4th 1185, 1188-1189 [38 Cal.Rptr.2d 574]; § 1237.5), the circumstances of this case do not require us to dismiss the appeal. First of all, a certificate of probable cause was secured, albeit tardily by appellate counsel. This fact makes cases such as *People* v. *Castelan, supra*, 32 Cal.App.4th 1185 inapposite. Second, the record on appeal was prepared here, which, of course, allowed appellate counsel to identify a nonfrivolous issue with respect to the plea and obtain a certificate of probable cause. We do not find fault with the manner in which appellate counsel secured the certificate of probable cause—that is, making a new request to the superior court for a certificate of probable cause. Accordingly, we find the noncompliance with time requirements under rule 31(d) or any failure to seek review by writ under *In re Brown, supra*, 9 Cal.3d 679, does not require this appeal be dismissed. **(2)** In reaching this conclusion, we are guided by the principle that the power to grant relief "is

to be liberally construed to protect the right to appeal." (*People* v. *Ribero*, *supra*, 4 Cal.3d at p. 65 [relief from default in filing notice of appeal].)

With respect to the requirement under section 1237.5 for a certificate of probable cause, our Supreme Court recently noted: "The purpose for requiring a certificate of probable cause is to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas. [Citations.] The objective is to promote judicial economy 'by screening out wholly frivolous guilty [and nolo contendere] plea appeals before time and money is spent preparing the record and the briefs for consideration by the reviewing court.' [Citations.]" (*People* v. *Panizzon* (1996) 13 Cal.4th 68, 75-76 [51 Cal.Rptr.2d 851, 913 P.2d 1061], quoting *People* v. *Hoffard* (1995) 10 Cal.4th 1170, 1179 [43 Cal.Rptr.2d 827, 899 P.2d 896].)

## II. *Admonition*

Clark contends his admission to the probation violation cannot stand because the trial court did not properly admonish him before receiving the admission. The contention is without merit.

Under section 1203.2, the court is authorized to revoke a defendant's probation upon his rearrest or upon the issuance of a warrant for his rearrest "if the interests of justice so require and the court . . . has reason to believe from the report of the probation officer or otherwise" that grounds for revocation exist. (§ 1203.2, subd. (a).) Such summary revocation gives the court jurisdiction over and physical custody of the defendant and is proper if the defendant is accorded a subsequent formal hearing in conformance with due process. (*People* v. *Vickers* (1972) 8 Cal.3d 451, 458-461 [105 Cal.Rptr. 305, 503 P.2d 1313].)

Therefore, after the summary revocation, the defendant is entitled to formal proceedings for probation revocation. The purpose of the formal proceedings is not to revoke probation, as the revocation has occurred as a matter of law; rather, the purpose is to give the defendant an opportunity to require the prosecution to prove the alleged violation occurred and justifies revocation. (*People* v. *Vickers*, *supra*, 8 Cal.3d at p. 460.)

Here, the trial court, upon being informed that Clark wanted to admit the violation, asked Clark if he understood that he had a right to an evidentiary hearing. Clark replied in the affirmative. Upon securing a waiver from Clark of that right, the trial court accepted Clark's admissions that he possessed methamphetamine and a hypodermic syringe and failed to report to his probation officer. Other than the right to an evidentiary hearing, no other admonition was given.

Clark faults the trial court for not giving him a full panoply of admonitions at the formal probation revocation hearing. In essence, he argues he should have been admonished as though he were entering a guilty plea. We reject his *Boykin-Tahl*[5] *argument and find no error.*

In *Boykin* v. *Alabama, supra,* 395 U.S. 238, the United States Supreme Court reversed a guilty plea conviction because the record failed to affirmatively show defendant had waived his rights of self-incrimination, jury trial and confrontation. In *In re Tahl, supra,* 1 Cal.3d 122, our Supreme Court construed *Boykin* as requiring "that each of the three rights mentioned—self-incrimination, confrontation, and jury trial—must be specifically and expressly enumerated for the benefit of and waived by the accused prior to acceptance of his guilty plea." (*Id.* at p. 132.)

In *People* v. *Dale* (1973) 36 Cal.App.3d 191, 194-195 [112 Cal.Rptr. 93] and *People* v. *Garcia* (1977) 67 Cal.App.3d 134, 137 [136 Cal.Rptr. 398], the application of *Boykin-Tahl* principles to probation revocation hearings was rejected. We have reviewed these cases and find their reasoning on this point was sound. We reject Clark's arguments that these cases no longer represent good law on the subject.

Clark insists the issue must be revisited in light of *People* v. *Arreola* (1994) 7 Cal.4th 1144 [31 Cal.Rptr.2d 631, 875 P.2d 736], which held it was a denial of due process to admit a preliminary hearing transcript at defendant's probation revocation hearing without any showing of good cause or evidence of witness unavailability. Clark's reliance on *People* v. *Arreola* is misplaced.

In *People* v. *Arreola, supra,* 7 Cal.4th at pages 1160-1161, the Supreme Court held the defendant's rights of confrontation and due process of law were violated during the course of an evidentiary revocation hearing. The case did not deal with the need for the court to enumerate specific rights to the defendant and have those rights waived prior to receiving an admission of a probation violation. Moreover, nothing in *People* v. *Arreola, supra,* indicates the pertinent holdings of *People* v. *Dale, supra,* and *People* v. *Garcia, supra,* should be rejected. We decline to do so.

What Clark's argument fails to recognize is that a formal probation revocation hearing is substantially different from a criminal prosecution. (See *People* v. *Monette* (1994) 25 Cal.App.4th 1572, 1576 [31 Cal.Rptr.2d 203]; see also 3 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989)

---

[5]*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

Punishment for Crime, § 1704, pp. 2015-2017.) As the Court of Appeal observed in *People* v. *Dale*, *supra*, 36 Cal.App.3d at page 195: "A probation revocation hearing involves some, but by no means all, of the fundamental rights afforded a defendant at trial. Its purpose is not to determine guilt or innocence but is whether conditions attached to an act of clemency have been met." Put another way, "At a probation revocation hearing the issue is different from that presented on the original charge, the procedure is different, and the method of proof is different, to such an extent that the forms of procedure prescribed in *Boykin* and *Tahl* have little relevance." (*People* v. *Garcia*, *supra*, 67 Cal.App.3d at p. 137.)

DISPOSITION

Affirmed.[6]

Benke, Acting P. J., and Nares, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 26, 1997.

---

[6]We note for the record that although Superior Court Judge John M. Thompson signed the criminal minutes for December 5, 1994 (the original sentencing hearing in which Clark was granted probation), the minutes indicate at the top of the page that the Honorable Judith L. Haller was presiding at the hearing. This was incorrect. Justice Haller was sworn in as an associate justice of this court on August 9, 1994, and has not sat in superior court since that time.