Filed 12/12/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039250 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC643452) |
| v. | |
| TAMRA LYN FREIDT, | |
| Defendant and Appellant. | |

Defendant Tamra Lyn Freidt appeals from an order reinstating and extending her probation. She contends that (1) there was never a valid revocation of probation and, thus, her probationary term had expired; (2) the trial court lacked authority to keep her in revocation status for two and one-half years thereby tolling her probationary term; (3) there was no probable cause to believe that she had the ability but willfully failed to satisfy the victim-restitution condition of probation; and (4) there was insufficient evidence that she had the ability and had willfully failed to pay the victim-restitution condition of probation. For the reasons stated below, we shall reverse the order reinstating probation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Defendant Sentenced to Three Years Probation*

Defendant entered a negotiated plea of no contest to felony embezzlement from her employer, Hartzheim Dodge, in violation of Penal Code sections 484 and 487,

subdivision (b)(3).[1]  The maximum probation period for the offense is five years.  (§ 1203.1.)

On August 17, 2007, the trial court placed defendant on probation for three years. The court later modified probation by ordering defendant to pay approximately $40,000 in victim restitution to Hartzheim Dodge.

### B.      *Summary Revocation of Defendant's Probation*

Defendant's probation was set to expire on August 17, 2010.  On May 7, 2010, the Santa Clara County probation department informed defendant by letter that she was in violation of her probation because she had failed "to make payment" on her fines, fees, and victim restitution.  The letter notified defendant that a violation of probation hearing had been set for May 20 and that her appearance at that hearing was mandatory.  The probation department then filed a petition for modification of terms of probation alleging that probation was set to expire on August 17, 2010, and that defendant had (1) a fine/fee unpaid balance of $458.50 after "making consistent monthly payments" of $100, and (2) a victim restitution unpaid balance that "will not be completed" after making "consistent monthly payments in the amount of $100."

At the hearing, defendant appeared without counsel and the trial court advised her that she was entitled to an attorney.  The trial court then remarked that it did not think that defendant would be able to pay off the obligations before the expiration of probation and summarily revoked her probation.  The court set another hearing for June 22 and directed defendant to the public defender.

On June 22, defendant appeared with counsel, acknowledged paying $100 on each debt in May and June, and agreed to double the payments beginning in July.  The trial court ordered that probation "Remains Revoked" and set another hearing for January 25, 2011.  At the January 25 hearing, defendant again appeared with counsel and the trial

_____

[1] Further unspecified statutory references are to the Penal Code.

2

court's minutes denote "$200/mo 2-15-11." The trial court ordered that probation "Remains Revoked" and set another hearing for July 19. On July 19, defendant appeared with counsel and the trial court's minutes denote "$250 mo 8/15/11-3/15/12." The trial court ordered that probation "Remains Revoked" and set another hearing for March 20, 2012. On March 20, defendant appeared with counsel and the trial court's minutes denote "pay $250/mo 4/15/12-10/15/12." The trial court ordered that defendant pay victim restitution to Zurich Insurance instead of Hartzheim Dodge and probation "Remains Revoked." It set another hearing for October 23. On October 23, defendant appeared with counsel and the trial court's minutes denote "pay $200 by 11/15/12 pay $250 mon 12/15/12-6/15/13." It set another hearing for June 18, 2013, without addressing defendant's probation status.

### C. Defendant's Petition for Reinstatement, Modification, or Termination of Probation

On December 21, 2012, defendant filed a petition for reinstatement and/or modification or termination of probation. In the petition, defendant argued that the trial court lacked jurisdiction to keep defendant's probation in an indefinite "summarily revoked" status. Supported by a declaration, the petition described what defendant claims is commonly known as the trial court's "payment monitoring calendar":

"Defendants referred to that calendar are placed on a monthly payment plan, based on their ability to pay, and then typically given a review date several months out. The vast majority of the defendants referred to the calendar have had their probation summarily revoked. Over time a practice evolved on the payment monitoring calendar to keep probation in summarily revoked status indefinitely, or until there was payment in full. Thus, it is not uncommon to encounter cases where the defendant has not only been in revoked status for many years, but will remain in that status for the foreseeable future. [¶] The majority of cases on the payment monitoring calendar come from the Superior Court's probation violation and modification calendars . . . . Defendants facing a

3

violation of probation due to willful nonpayment of fines, fees and restitution are sometimes given a choice: they can either choose to contest the willful non-payment allegation at a formal hearing or they can agree to payment monitoring on the restitution review calendar. [¶] If the defendant chooses to go to the payment monitoring calendar, the court generally imposes a monthly payment amount and sets a future review date . . . . Probation is summarily revoked. Sometimes, but not always, an admission to the violation of probation is required before referral to the payment monitoring calendar. In choosing payment monitoring, the defendant is permitted to remain out of custody so long as he or she continues making consistent monthly payments pursuant to his ability to pay. The defendant thus avoids or defers the formal revocation hearing and the possibility of long-term incarceration. [¶] In some cases a defendant may be advised that if he or she does not accept the payment monitoring calendar, and instead wishes a formal hearing, he or she will be remanded pending the full revocation hearing. [¶] There are certain defendants who appear simply for a modification of their probation . . . because they are near the expiration of their probationary period, yet have an outstanding restitution balance. Some of these defendants appear with counsel; many do not. In some of these cases, the Court may simply summarily revoke probation and refer the matter to the payment monitoring calendar. [¶] In a minority of cases, rather than initially revoke probation the Court might impose a new grant of probation or simply extend the period of probation. Those persons appear on the payment monitoring calendar without any tolling. However, the vast majority of cases on the payment monitoring calendar are in revoked status. Such cases will remain in revoked status indefinitely until victim restitution has been paid in full." (Fns. omitted.)

The petition noted that, at the time defendant's probation was summarily revoked, the probation department had not alleged a probation violation against defendant. To the contrary, it had affirmed that she had made consistent monthly payments.

4

At the hearing on January 18, 2013, defendant argued that the trial court had no authority to revoke probation on May 20, 2010, because there was no willful failure to pay on defendant's part. The People replied that there was no need to find willful failure to pay for summary revocation as distinguished from a formal revocation for a violation of probation.

### D.    *Reinstatement and Extension of Defendant's Probation*

Referring to the May 20, 2010 summary revocation order, which was issued by a different judge, the trial court commented: "Quite frankly, I will say I don't agree with it, especially without counsel and without advisement of rights. Nevertheless, it appears to me that the Court chose to revoke probation, and based on the comments by the prosecutor, the Court may have relied on that as sufficient basis to summarily revoke probation, and then as in other cases, then the probationer appears on [the payment monitoring calendar] with counsel." The court then ordered defendant's probation reinstated on its original terms and extended it from three years to the maximum period of five years. Reasoning that the term had been tolled since the May 20, 2010 revocation, the court determined that defendant's probation should continue to run for approximately two years and eight months until September 16, 2015. Defendant timely appealed the order.

## II.    DISCUSSION

### A.    *Governing Legal Principles*

Where a probationer fails to pay restitution, his or her probation can be revoked only if the court determines that the probationer willfully failed to pay and has the ability to pay. (*People v. Medeiros* (1994) 25 Cal.App.4th 1260, 1263 (*Medeiros*).)

"Under section 1203.2, the court is authorized to revoke a defendant's probation . . . 'if the interests of justice so require and the court . . . has reason to believe from the report of the probation officer or otherwise' that grounds for revocation exist," including willful failure to pay restitution. (*People v. Clark* (1996) 51 Cal.App.4th 575, 581,

5

disapproved on another ground in *People v. Mendez* (1999) 19 Cal.4th 1084, 1098, quoting § 1203.2, subd. (a).) "Such summary revocation . . . is proper if the defendant is accorded a subsequent formal hearing in conformance with due process." (*People v. Clark*, *supra*, at p. 581.) "The purpose of the formal proceedings is not to revoke probation, as the revocation has occurred as a matter of law; rather, the purpose is to give the defendant an opportunity to require the prosecution to prove the alleged violation occurred [to] justif[y] [the] revocation." (*Ibid.*)

"The revocation [of probation], summary or otherwise, shall serve to toll the running [of the] [probationary] period . . . ." (§ 1203.2, subd. (a).) Normally, the running of the probationary period is tolled until the formal hearing described above. Where summary revocation is based on an alleged failure to pay restitution, if it is shown at the formal revocation hearing that probationer willfully failed to pay, "the court is authorized to revoke probation and either order imprisonment or to set aside the revocation and reinstate probation for a new term exceeding the original maximum." (*Medeiros*, *supra*, 25 Cal.App.4th at p. 1267.) If, however, it is determined that the probationer was unable to pay restitution, "[a]ll the court can do is modify and extend probation to the maximum term" pursuant to section 1203.3, subdivision (a). (*Medeiros*, *supra*, at p. 1267; see also *People v. Leiva* (2013) 56 Cal.4th 498, 504 (*Leiva*) ["Section 1203.3, subdivision (a), empowers the trial court 'at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence.' "].) "If the probationer remains unable to fully pay restitution throughout the maximum term, the trial court lacks authority either to revoke and imprison or to further extend probation, and, instead, must discharge defendant from probation pursuant to section 1203.3, subdivision (b)." (*Medeiros*, *supra*, at p. 1267.) The remaining restitution balance may be enforced as a civil judgment. (§ 1203, subd. (j).)

6

### B. The Court Lacked Jurisdiction To Reinstate Defendant's Probation

Here, the court summarily revoked defendant's probation based on the probation department's representation that she had failed to pay restitution. Defendant did not receive a formal hearing to determine whether her failure to pay was willful or not. Instead, her probation remained summarily revoked for more than two-and-a-half years, beyond the expiration of the maximum probationary period of five years. Then the court purported to reinstate and extend defendant's probation until September 2015. The court reasoned that it was extending the probationary term to the five-year maximum, as *Medeiros* permits, because the term had been tolled under section 1203.2, subdivision (a), since May 20, 2010. The court did not determine whether defendant had willfully failed to pay restitution, thereby violating her probation.

The question before us is whether summary revocation and section 1203.2, subdivision (a)'s tolling provision allow trial courts to retain jurisdiction to modify or extend a probationary term indefinitely.[2] We conclude that they do not.

In *Leiva*, the Supreme Court considered the operation of summary revocation in conjunction with section 1203.2, subdivision (a)'s tolling provision, and concluded that together they "allow the trial court to retain the authority to adjudicate a claim that the defendant violated a term of probation *during* the court-imposed period of probation." (*Leiva*, *supra*, 56 Cal.4th at p. 518.) The court rejected "the Attorney General's reading of the tolling provision of section 1203.2[, subdivision] (a), as allowing a trial court, through summary revocation, to extend indefinitely the conditions and terms of probation until a formal revocation proceeding can be held," (*id*., at p. 509) reasoning that such a construction "would be contrary to our statutes that authorize the courts to grant probation for a period not to exceed a specified time, three years in the case of

---

[2] The government argues that defendant waived her jurisdictional argument, but a defendant cannot create jurisdiction by consent.

misdemeanors, with certain exceptions (§ 1203[, subd.] [(a)]), or five years or the maximum possible term of sentence, whichever is longer, in the case of felonies, with certain exceptions (§ 1203.1)." (*Ibid.*)

*Leiva* compels us to conclude that the court exceeded its jurisdiction here for two reasons. First, the *Leiva* court concluded that the purpose of the tolling provision is to ensure that the court has jurisdiction to "hold a formal probation violation hearing at a time after probation would have expired with regard to a violation that was alleged to have occurred *during* the probationary period." (*Leiva*, *supra*, 56 Cal.4th at pp. 514-515.) Here, no formal probation violation hearing was held and the alleged violation never was adjudicated. Instead, defendant's probation eventually was reinstated and extended. But *Leiva* indicates that the tolling provision does not preserve the court's jurisdiction in that regard. Second, permitting courts to summarily revoke a probationer's probation and later reinstate it (without finding a violation) such that it runs beyond the maximum term "would be contrary to our statutes that authorize the courts to grant probation for a period not to exceed a specified time," here, five years. (*Id.* at p. 509.) *Leiva* counsels against such a reading of the Penal Code.

This court's decision in *Medeiros* also supports our conclusion. There, as here, "it [was] undisputed that defendant's maximum probationary period under section 1203.1, subdivision (a), [was] five years." (*Medeiros*, *supra*, 25 Cal.App.4th at p. 1264.) Accordingly, "the trial court could not extend defendant's probation beyond five years" (*ibid.*) unless, under section 1203.2, subdivision (e), "probation [was] revoked based on a violation of probation and the revocation [was] set aside." (*Medeiros*, *supra*, at p. 1267.) This court concluded that, "[s]ince the trial court found that defendant did not violate probation and was unable to pay full restitution, there was no formal revocation and section 1203.2, subdivision (e), did not authorize extending probation beyond the initial maximum five-year term." (*Id.* at pp. 1267-1268.) Here, the court likewise neither found

8

a violation, nor formally revoked defendant's probation. It therefore lacked the authority to extend her probation beyond the five-year maximum.

## III. DISPOSITION

The order reinstating probation is reversed. The trial court is directed to discharge defendant from probation.

 

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.

People v. Freidt
H039250

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. CC643452 |
| Trial Judge: | Hon. Arthur Bocanegra |
| Counsel for Plaintiff/Respondent:<br>The People | Kamala D. Harris<br>Attorney General<br><br>Dane R. Gillette<br>Chief Assistant Attorney General<br><br>Gerald A. Engler<br>Senior Assistant Attorney General<br><br>Laurence K. Sullivan<br>Supervising Deputy Attorney General<br><br>René A. Chacon<br>Supervising Deputy Attorney General |
| Counsel for Defendant/Appellant: | Under appointment by the Court of Appeal<br>Jonathan B. Opet |

People v. Freidt
H039250