Filed 11/22/24  P. v. Contreras CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY EDWARD CONTRERAS,<br><br>Defendant and Appellant. | A170200<br><br>(Contra Costa County<br>Super. Ct. Nos. 02003337847,<br>02003356417) |

Defendant Anthony Edward Contreras's appointed appellate counsel filed a brief asking this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel informed Contreras of his right to file a supplemental brief.  He has not done so.

After conducting an independent review of the record, we see no arguable appellate issues requiring further briefing and affirm the judgment.

## I. BACKGROUND

### A. *Contreras's Convictions*

In November 2022, the Contra Costa District Attorney's Office and Contreras agreed to a negotiated disposition of two criminal cases.

1

First, in case number 02003356417, Contreras entered a guilty plea to theft of copper material (Pen. Code,[1] § 487j; count one) and a no contest plea to felony vandalism causing over $400 worth of damage (§ 594, subd. (a); count two). He also admitted he committed those offenses while released on his own recognizance in violation of section 12022.1.

In the second case, number 02003337847, Contreras pleaded no contest to charges that on December 16, 2020, he fled a police officer's motor vehicle while driving recklessly (Veh. Code, § 2800.2; count one), fled a police officer's motor vehicle and drove against traffic (Veh. Code, § 2800.4; count two), drove or took a motor vehicle without consent (Veh. Code, § 10851, subd. (a) [misstated as section 1351 in one part of the reporter's transcript]; count three), received a stolen motor vehicle (§ 496d, subd. (a); count four), and was in possession of a controlled substance (Health & Saf. Code, § 11377; count five).

In both cases, Contreras also admitted as circumstances in aggravation under California Rules of Court, rule 4.421(a), that the crime involved the attempted or actual taking or damage of great monetary value, that he was on parole or community supervision at the time, and that his prior performance on parole or community supervision was unsatisfactory. He further admitted he had a prior "strike" conviction, in 1991 for residential burglary, and prior felony convictions on July 10, 2019 and December 12, 2021 (the latter for reckless driving in evading a police officer in violation of Veh. Code, § 2800.2). He also voluntarily waived his custody credits.

---

[1] Undesignated statutory references are to the Penal Code.

2

Defense counsel stipulated to a factual basis for Contreras's pleas and admissions.  The court accepted them, found Contreras guilty of the subject counts, found the admitted allegations to be true, and ruled he was presumptively ineligible for probation based on his admissions.

After Contreras waived time for sentencing, the court struck his prior 1991 strike conviction allegation and the "own recognizance" allegation in light of his advanced age (he was 56 years old), his cooperation and contrition, his expressed desire to succeed on probation, and the technical nature of some of his violations.  It imposed a total state prison term for the two cases of four years and four months, suspended execution of the imposed term, and placed Contreras on formal probation for two years subject to standard terms and conditions.  It also suspended certain standard fines and did not impose others in both cases and found no victim restitution in case number 02003337847; it ordered him to pay restitution of $104,202 (misstated at one place in the reporter's transcript as "$1,104,202") in case number 02003356417 by paying at least 20 dollars a month, and reserved jurisdiction to set further restitution in that case.

As for the specific sentence terms, in case number 02003356417, the court imposed an upper-term sentence of three years for each of counts one and two, staying the count two sentence pursuant to section 654.  In case number 02003337847, it sentenced Contreras to eight months on count one and one-third of the two-year middle term, eight months, for each of counts two, three, and four.  It made the count one sentence consecutive and stayed it under section 654; made the count two and count three sentences consecutive; and stayed the count four sentence under section 654.  It sentenced Contreras on count five, a misdemeanor, to a 60-day concurrent

sentence in county jail and gave him the opportunity to apply to serve those 60 days in the Sheriff's Work Alternative Program.

**B. *Contreras's Probation Violations***

In August 2023, the probation department filed a petition to revoke Mr. Contreras's probation. The department alleged he had committed new violations of law on April 10, 2023, when he assaulted a neighbor with his car, and on July 31, 2023, when he was found in possession of methamphetamine and a smoking pipe upon fleeing from police officers. The court arraigned him on the probation violation, revoked his probation pending a formal probation hearing with all terms and conditions still in place, and allowed him to remain out of custody.

The probation department later filed a supplemental petition to continue Contreras's probation in revoked status. It alleged that on August 25, 2023, Contreras admitted to his probation officer that he had used methamphetamine the day before, was ordered to complete a substance abuse treatment program, and had started participating in one, but that the program informed the department in January 2024 that Contreras had been discharged from the program for lack of participation.

In a January 2024 probation summary report on arraignment, the department wrote that on December 22, 2023, Contreras tested positive for amphetamines, methamphetamine, and marijuana. Contreras told the department on December 22 that he was still participating in the substance abuse treatment program, but probation subsequently discovered that he had been discharged from it on December 7, 2023. The department reported that communication with Contreras became "very difficult" after November 2023. It recommended that Contreras's probation be reinstated and modified to include the imposition of his original state prison sentences.

At the formal probation violation hearing, the court heard testimony from a police officer for the City of San Pablo and Contreras's probation officer. The police officer testified that on July 31, 2023, he saw Contreras engage in a suspicious hand-to-hand transaction in a parking lot, detained him, and found him to be in possession of 14.31 grams, net, of a substance later determined to be methamphetamine, as well as a smoking device.

The probation officer testified that Contreras admitted to him in August 2023 that Contreras had smoked methamphetamine the day before, that the probation officer ordered him to place himself in a substance abuse treatment program, and that the program subsequently indicated Contreras was discharged from the program without successfully completing it.

At the conclusion of the hearing, the court found both allegations in the probation revocation petition to be true.

For the revocation sentencing hearing, the prosecution asked the court to impose on Contreras the four-year, four-month prison sentence it had previously suspended. Contreras's counsel submitted letters of support for Contreras and letters indicating his acceptance into two different residential programs, one specifically designed for substance abuse treatment. Counsel urged the court to allow Contreras to remain on probation and order him to complete a one-year residential substance abuse treatment program.

The court ordered Conteras to serve the suspended state prison sentence and awarded him custody credits accumulated since his sentencing in his two cases.

In ordering Contreras's incarceration for violating the terms of his probation, the court indicated that pursuant to California Rules of Court, rule 4.435 (regarding sentencing on revocation of probation) it was to consider the nature of Contreras's violation and his past performance on

5

supervision. It concluded that Contreras had "sentenced himself," finding that he had a significant criminal history that included "very dangerous" conduct, five prison priors, and three grants of probation, and that he had failed to take advantage of his latest opportunity to be on probation, receive treatment for his drug addiction, and avoid prison. Contreras, the court said, "had every opportunity to be successful on probation, and he did not take the opportunity to participate in recovery, continued to use and he continued to commit crimes while he was out."

Contreras filed a timely notice of appeal from the court's violation of probation ruling. He did not obtain any certificate of probable cause from the trial court.

## II. DISCUSSION

"[A] formal probation revocation hearing is substantially different from a criminal prosecution. . . . 'Its purpose is not to determine guilt or innocence but is whether conditions attached to an act of clemency have been met.'" (*People v. Clark* (1996) 51 Cal.App.4th 575, 582–583, disapproved on another ground in *People v. Mendez* (1999) 19 Cal.4th 1084, 1098.)

"Section 1203.2, subdivision (a), authorizes a court to revoke probation if the interests of justice so require and the court, in its judgment, has reason to believe that the person has violated any of the conditions of his or her probation. [Citation.] ' "When the evidence shows that a defendant has not complied with the terms of probation, the order of probation may be revoked at any time during the probationary period. [Citations.]" [Citation.]' [Citation.] The standard of proof in a probation revocation proceeding is proof by a preponderance of the evidence. . . .

"We review a probation revocation decision pursuant to the substantial evidence standard of review [citation], and great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court.'

" 'The discretion of the court to revoke probation is analogous to its power to grant the probation, and the court's discretion will not be disturbed in the absence of a showing of abusive or arbitrary action.  [Citations.]' [Citation.]  'Many times circumstances not warranting a conviction may fully justify a court in revoking probation granted on a prior offense.  [Citation.]'  [Citation.]  ' "[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . ." ' " (*People v. Urke* (2011) 197 Cal.App.4th 766, 772–773, fn. omitted.)

As our summary of the record above indicates, there is ample evidence to support the trial court's discretionary decision to revoke Contreras's probation.

Appellate counsel contends that under the circumstances, Contreras was legally entitled to appeal his prison sentence without obtaining a certificate of probable cause, but fails to note that Contreras did not indicate in his notice of appeal that he was appealing from his sentence, instead limiting his appeal to the court's violation of probation ruling.  Whether the court's sentence is appealable or not, we see no arguable appellate issues requiring further briefing regarding the sentence imposed by the trial court.

Accordingly, having conducted an independent review of the record under *Wende*, we see no arguable issues requiring further briefing.

7

# III. DISPOSITION

The judgment is affirmed.

STREETER, J.

WE CONCUR:

BROWN, P. J.
DOUGLAS, J.*

---

\* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.