Filed 7/17/14  P. v. Salgado CA 6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038981 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. FF509618) |
| v. | |
| EDIE LILY SALGADO, | |
| Defendant and Appellant. | |

Defendant Edie Lily Salgado appeals from an order reinstating and extending her probation.  She contends the trial court lacked jurisdiction to do so because her maximum probationary term had already expired.  Alternatively, she argues her trial counsel was ineffective for failing to object to the extension as an act in excess of the court's jurisdiction.

The People concede the trial court lacked jurisdiction to extend Salgado's probation, and we agree the concession is appropriate.[1]

We will therefore reverse the trial court's order reinstating probation and direct the trial court to discharge Salgado from probation.

---

[1] We therefore need not reach Salgado's alternative argument that she received ineffective assistance of counsel.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Initial sentencing*

In November 2005, Salgado pleaded no contest to one count of driving under the influence with a blood-alcohol level of 0.08 percent or more (Veh. Code, § 23153, subd. (b)) and one count of felony hit and run (*id.*, § 20001, subds. (a), (b)(1)) and admitted an allegation she personally inflicted great bodily injury on another while driving under the influence.  At her sentencing hearing on January 9, 2006, the trial court suspended imposition of sentence and placed Salgado on probation for six years conditioned, in part, on serving one year in county jail.  As one of several probation conditions, Salgado was ordered to pay restitution to the victim.[2]

On August 30, 2007, after Salgado missed a restitution payment, the trial court held a hearing on her probation status.  This was not a formal revocation hearing, and Salgado did not admit violating her probation, but the trial court nonetheless revoked her probation and directed her to "keep on paying."

From September 2007 through August 2011, Salgado made regular monthly payments, many of which exceeded the minimum payment due.  At each restitution hearing, however, the trial court continued Salgado in revoked probationary status.

On August 16, 2011, Salgado asked the court to reinstate probation based on her consistent payment record.  The court ordered Salgado to continue paying $150 per month for the next six months and to provide the probation department with a current financial history to evaluate if she could increase the payment amount.  The trial court

---

[2] The victim, a passenger in the car driven by Salgado, was seriously injured in the crash.  Her pelvis was broken, her left leg was fractured in several places, both lungs were punctured and one of her vertebra was fractured.  She also suffered multiple lacerations to her right leg, right arm and forehead.  Salgado waived her right to a restitution hearing and stipulated that she owed restitution to the victim in the amount of $55,346.40.

expressed its intent to reinstate probation at the February 2012 hearing and extend probation for the maximum allowable period.

At the February 2012 probation status hearing, the trial court indicated Salgado still owed $37,440 in restitution and could not recall why it may have previously considered reinstating probation. The trial court advised it would review its notes and revisit the issue at the next hearing. The case was continued with Salgado in revoked status.

On October 16, 2012, a further probation status hearing was held. Salgado, who still owed $36,032 in restitution, renewed her request that probation be reinstated due to her consistent payment history. The trial court denied Salgado's request and set another hearing for November 2, 2012. The trial court stated it would reconsider reinstating probation at the next hearing after giving the victim an opportunity to be heard.

At the November 2012 hearing, Salgado again asked to have probation reinstated. The People argued that Salgado should be kept on revoked status until she pays the full amount of restitution owed. However, even if Salgado's probation were reinstated, the People contended her probationary period was tolled during the time probation was revoked and the court could extend probation for an additional five year period.

Salgado disagreed, arguing that she had never admitted violating probation and there had not been a formal probation revocation hearing. Furthermore, her probationary period could not be extended past her maximum sentence of six years eight months which would expire on September 9, 2013.[3]

The trial court agreed with the People's argument and reinstated Salgado's probation, extending her probation period an additional five years to November 11, 2017.

_____

[3] Salgado contends, and the People do not dispute, that her counsel miscalculated the maximum probationary period. The maximum potential sentence for her offenses expired on September 9, 2012--just less than two months prior to the November 2, 2012 probation status hearing.

Salgado was directed to make monthly restitution payments of $150 and complete a new financial history form.

Salgado timely appealed.

## II.    DISCUSSION

On appeal, Salgado argues the trial court was without jurisdiction to reinstate and extend her probationary period for any length of time because her maximum term of probation (six years eight months) had expired nearly two months before the November 2012 hearing. We agree.

In *People v. Freidt* (2013) 222 Cal.App.4th 16, we held that a trial court is without jurisdiction to reinstate probation where a defendant has been placed in revoked status, without the benefit of a formal revocation hearing, for years beyond the expiration of the maximum probationary period. We expressly concluded in *Freidt* that summary revocation and Penal Code section 1203.2, subdivision (a)'s tolling provision did not permit trial courts to indefinitely retain jurisdiction to modify or extend a probationary term. In so holding, we relied on the California Supreme Court's reasoning in *People v. Leiva* (2013) 56 Cal.4th 498 that giving trial courts such power "would be contrary to our statutes that authorize the courts to grant probation for a period not to exceed a specified time." (*Id*. at p. 509.)

Here, the court summarily revoked Salgado's probation based on an apparent concession that she had failed to pay restitution. No formal hearing was held to determine whether her failure to pay was willful or not. Regardless, her probation remained summarily revoked for more than five years, beyond the expiration of the maximum probationary period of six years eight months. The court then reinstated and extended her probation an additional five years to November 2017. In doing so, the court reasoned it could do so because Salgado's probationary term had been tolled since August 2007 pursuant to Penal Code section 1203.2, subdivision (a). This was error.

4

Because the court neither found a willful failure to pay restitution, nor formally revoked Salgado's probation, it lacked the authority to extend probation once her maximum probationary term expired in September 2012.

## III.   DISPOSITION

The order reinstating probation is reversed.  The trial court is directed to discharge Salgado from probation.

_____

Premo, Acting P.J.

WE CONCUR:

_____

Elia, J.

_____

Mihara, J.

5